**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

B&T USA, LLC,

     *Plaintiff,*

v.

B&T A.G., NAMADA
ENTERPRISES, INC., and KARL
BRÜGGER,

     *Defendants.*

Civil Action No. _____

## <u>COMPLAINT</u>

1.    This complaint asserts claims for trademark infringement and unfair competition arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.*, and the common law and statutes of the state of Florida against Defendants B&T A.G., Namada Enterprises, Inc., and their principal and manager Karl Brügger (collectively, "Defendants").

## <u>PARTIES</u>

2.    B&T USA, LLC ("B&T USA" or "Plaintiff") is a limited liability company organized under the laws of the state of Florida, having its principal place of business at 6801 N. 54th Street, Suite 111, Tampa, FL 33610.  B&T USA is a firearms assembler and wholesaler that owns the United States trademark rights to

"B&T."

3.     B&T A.G. ("Company Defendant") is a corporation organized under the laws of Switzerland, having its principal place of business at Tempelstrasse 6, 3608 Thun, Switzerland.

4.     Namada Enterprises, Inc. ("Defendant Namada") is a corporation organized under the laws of the state of Florida, having its principal place of business at 6801 N. 54th St., Tampa, FL 33619. Defendant Namada's registered agent is Nickolas C. Ekonomides, P.A., with an address at 325 N. Belcher Road, Suite 1D, Clearwater, FL 33765.  Defendant Namada is wholly owned by Company Defendant and is a minority member of B&T USA, but has no managerial or governance authority in B&T USA.

5.     Karl Brügger ("Defendant Brügger") is an individual who, on information and belief, is a resident of Switzerland. Defendant Brügger is the president and owner of Company Defendant and, on information and belief, directed, controlled, ratified, participated in, and/or is the moving force behind Company Defendant's actions with respect to the use of the B&T trademark and sales efforts, including the infringing actions described herein.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28

2

U.S.C. §§ 1331 and 1338.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because B&T USA is a Florida limited liability company and a substantial portion of the wrongful conduct giving rise to this action, including the misuse of B&T USA's trademark rights and harm to Florida-based business operations, was targeted at and/or occurred in this District.

9.      Company Defendant conducts, engages in, and carries on business in Florida and engages in a persistent course of conduct in Florida, and reasonably should expect its actions to have legal consequences in Florida, by virtue of, *inter alia*, contracting with Florida resident Plaintiff with respect to the products and trademark rights addressed herein, solicitation of products and offering infringing products in the state of Florida and surrounding states, and causing injury to Plaintiff within the state of Florida.

10.     Defendant Namada is a Florida corporation and conducts, engages in, and carries on business in Florida and engages in a persistent course of conduct in Florida.  Further, as described herein, Defendant Namada has committed tortious acts within Florida through intentional misconduct, including participation in Company Defendant's willful infringement in the state of Florida and causing injury

3

to Plaintiff within the state of Florida.

11.     Defendant Brügger has engaged in a persistent course of conduct in Florida, and reasonably should expect its actions to have legal consequences in Florida, by virtue of, *inter alia*, committing tortious acts within Florida through intentional misconduct, including his direction of Company Defendant's and Defendant Namada's willful infringement in the state of Florida, regular engagement in solicitation in Florida including repeated contacts with Plaintiff's Florida-based employees and principals, communication and solicitation of Plaintiff's Florida-based clients and customers, and causing injury to Plaintiff within the state of Florida.

## FACTUAL BACKGROUND

12.     Plaintiff is a Florida company, established in 2014 to sell firearms and suppressors in the United States.  Since its establishment, B&T USA has grown in prominence and size, become a premiere supplier of firearms, suppressors, and similar accessories in the United States.

13.     Company Defendant owned an established brand of firearms in Europe under the marks Brügger + Thomet and B&T.

14.     While its sales were primarily within the European Union, with its flagship location in Switzerland, Company Defendant acquired a trademark registration in the United States for the B&T mark, Reg. No. 2919807.

15.    In 2016, Plaintiff and Company Defendant entered into a License Agreement under which Plaintiff became the exclusive licensee for the manufacture, fabrication, assembly, purchase, sale, and distribution of products under the B&T brand within the United States. Defendant Brügger executed the License Agreement on behalf of Company Defendant.

16.    Following execution of the License Agreement, Company Defendant ceased all direct sales to consumers in the United States and discontinued any U.S. sales through other distributors and/or importers. As a result of the License Agreement, Plaintiff became and remains to this date the exclusive entity promoting and selling firearms and suppressors under the trademark B&T within the United States.

17.    The parties' License Agreement continued for many years, during which time Plaintiff established itself as the source of B&T products in the United States, and U.S. consumers came to associate the B&T mark with Plaintiff.

18.    In or around late 2024, contemporaneous to B&T USA's focused growth and development of its suppressor designs, the parties began discussions regarding Plaintiff acquiring the U.S. trademark rights in the B&T mark from Company Defendant. At that time, B&T USA was taking aggressive steps to grow the U.S.-based business, including through development of its patented designs and products, and the parties agreed to assign the B&T trademark to B&T USA in order

to protect B&T USA's investment and engage in any necessary enforcement actions.

19.   On January 20, 2025, the parties entered into a Trademark Assignment memorializing Plaintiff's acquisition of the U.S. rights in the B&T mark. The Trademark Assignment specifically acknowledged that "Assignee owns the business to which the Mark pertains." In exchange for consideration acknowledged in the Trademark Assignment, Company Defendant assigned "all of its right, title, and interest, whether statutory or at common law, in and to the Mark in the United States, ***together with the goodwill*** of the business symbolized by the Mark and all registrations . . . including, without limitation, United States Trademark Registration No. 2,919,807." Defendant Brügger executed the Trademark Assignment on behalf of Company Defendant. A copy of the Trademark Assignment is attached as Exhibit A.

20.   Plaintiff duly filed a copy of the Trademark Assignment with the U.S. Patent and Trademark Office ("USPTO") and is recognized by the USPTO as the owner of Reg. No. 2919807. USPTO Records reflecting this subsisting registration and its ownership are attached hereto as Exhibit B.

21.   Reg. No. 2919807 has achieved incontestable status, which renders it conclusive evidence of the validity of the B&T mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce.

22.   Through the Trademark Assignment, Plaintiff owns the exclusive right to use the B&T trademark within the United States with respect to the firearms, suppressors, retail services, and education services identified in Reg. No. 2919807, and any other uses confusingly similar thereto.

23.   Although Plaintiff *then* owned (and still owns) all U.S. rights to the B&T trademark, the parties continued to operate under the License Agreement with respect to the remaining relevant terms. Following the Trademark Assignment, Plaintiff has held all U.S. rights associated with the B&T trademark, and has undertaken efforts to protect and enforce that mark, as appropriate.

24.   Recently, the relationship between Plaintiff and Defendants has deteriorated. Defendant Brügger—both individually and in his capacity as Chief Executive Officer of Company Defendant and using Defendant Namada—engaged in numerous actions that created unnecessary conflict between the parties, including harassing Plaintiff's principals and employees with direct communications demanding money that was not due under the License Agreement or otherwise owed to Defendants. These communications included both email correspondence and telephone calls to Plaintiff's employees and principals based in Florida.

25.   Additionally, on or about January 18, 2026, and upon information and belief, Defendant Brügger—on his own right and on behalf of Company Defendant and Defendant Namada—entered into an unlawful agreement to coordinate for the

purpose of taking over B&T USA's management, governance, trademark rights, and profits.

26.   In a January 24, 2026 email Defendant Brügger and Company Defendant's Chief Financial Officer (Andreas Sollberger) discussed exploiting B&T USA's dependence on Swiss-supplied parts to force a change in ownership and management of B&T USA.

27.   Later, on January 28, 2026, Defendant Brügger and Mr. Sollberger participated in discussions with B&T USA employees accusing B&T USA's Manager of criminal conduct, advocating bankruptcy for B&T USA, proposing that all outstanding debt be called, and suggesting the formation of a new entity to replace B&T USA.

28.   Further, following these discussions and coordination described above, Defendant Brügger acted to interfere with an ongoing client relationship between B&T USA and KF Armory in Georgia and to interfere with B&T USA's trademark rights and use the B&T mark and attempt to make sales of products, parts, or services within the United States.

29.   Specifically, on or about January 30, 2026, Defendant Brügger inserted himself in an email chain between B&T USA and leadership at KF Armory and informed the client that Company Defendant would be able to support the client's purchase needs and that Company Defendant would be shipping product to KF

Armory directly under the B&T trademark.

30.    Upon information and belief, at Defendant Brügger's direction and in coordination with Defendant Namada, Company Defendant did ship product—using the B&T trademark—to KF Armory in Georgia, without Plaintiff's authorization.

31.    On February 19, 2026, Company Defendant sent a letter to Plaintiff's principals, making unfounded allegations that Plaintiff had breached the License Agreement based on supposed unpaid licensing fees. A copy of this correspondence is attached as Exhibit C. On information and belief, this letter was sent at Defendant Brügger's direction.

32.    The letter acknowledged repeated conversations that Defendant Brügger had with one of Plaintiff's Florida-based principals, as well as correspondence with Plaintiff's counsel, in which Plaintiff and its counsel had addressed the erroneous claims regarding unpaid fees.

33.    Based on the alleged breach, Company Defendant sought to terminate the License Agreement in the February 19, 2026 letter. As part of its assertions regarding license termination, Company Defendant demanded that Plaintiff cease use of all trademark rights belonging to Company Defendant, including Reg. No. 2919807, which Company Defendant demanded Plaintiff "transfer" to Company Defendant. The letter failed to acknowledge the Trademark Assignment, pursuant to which the U.S. trademark rights in B&T, including the statutory rights conferred by

Reg. No. 2919807, were no longer Company Defendant's intellectual property.

34.    Plaintiff promptly responded through counsel on February 21, 2026, identifying numerous inaccuracies and improper demands in Company Defendant's correspondence. A copy of this response is attached as Exhibit D. Among many issues, Plaintiff addressed the purported revocation of trademark rights, and reminded Company Defendant that Plaintiff is the owner of the U.S. trademark rights in the B&T mark.

35.    Following this correspondence, on information and belief, Defendant Brügger has continued to maintain direct contact with KF Armory, the U.S. customer of Plaintiff. On information and belief, Defendants have made other similar use of the B&T mark within the United States to sell and/or promote products and services confusingly similar to those offered by Plaintiff.

## COUNT I
### (Trademark Infringement)
### (All Defendants)

36.    Plaintiff B&T USA, LLC realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

37.    As a cause of action and ground for relief, Plaintiff alleges that Company Defendant, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, is engaged in acts of trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C.

10

§ 1114(1), and at common law.

38.    Plaintiff is the owner of U.S. common law and statutory trademark rights in B&T reflected in Reg. No. 2919807 included as Exhibit A.

39.    Plaintiff's trademark rights have priority over any potential rights owned by Defendants in the B&T mark, by virtue of Plaintiff's longstanding use of the B&T mark in U.S. commerce and its lawful acquisition and ownership of all common law and statutory rights, including goodwill previously owned by Company Defendant.

40.    Company Defendant's use, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, of the B&T trademark to market and sell firearms and suppressors, as well as education and retail sales of the same, is likely to cause the public to believe, contrary to fact, that Company Defendant's products are in some way sponsored or approved by, or otherwise affiliated or connected with, Plaintiff.

41.    Company Defendant's use, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, of the B&T mark in U.S. commerce accordingly infringes Plaintiff's rights in the B&T mark, alone and in combination with other words and designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

42.    Company Defendant's continued use, at the direction of, with the

11

participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, of the B&T mark in the manner hereinabove alleged, in the face of actual knowledge of Plaintiff's ownership of all rights, title, and interest in the B&T mark within the United States, and with no defense to infringement that has a reasonable basis in either fact or law, makes Defendants willful infringers.

43. Unless enjoined by this Court, Company Defendant will continue to infringe Plaintiff's B&T mark, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT II
### (Contributory Trademark Infringement)
### (Namada Enterprises, Inc., in the alternative)

44. Plaintiff B&T USA, LLC realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

45. Plaintiff is the owner of U.S. common law and statutory trademark rights in B&T reflected in Reg. No. 2919807 included as Exhibit A. The License Agreement governing U.S. manufacture and distribution of B&T-branded products was executed prior to the assignment of the B&T mark to B&T USA and was intended to preserve exclusive U.S. control over manufacturing, distribution, quality assurance, regulatory compliance, and brand integrity.

46. As the owner of the B&T mark, B&T USA possesses the exclusive right to control the use, source, quality, and goodwill associated with the B&T mark in

12

the United States and to prevent unauthorized or confusing uses that would impair consumer perception, regulatory compliance, or brand integrity.

47.    Namada has engaged in and facilitated the unauthorized use of the B&T trademark in the United States, including by promoting, offering, and arranging for the sale and distribution of B&T-branded products in a manner not authorized by B&T USA and outside the scope of any valid license. This conduct includes the actual and threatened use of the B&T mark in communications and product sales with U.S. customers and counterparties, and the assertion or exercise of control over the use of the mark, in a manner likely to cause confusion as to source, sponsorship, affiliation, or control of B&T-branded goods and services.

48.    Namada had actual knowledge of B&T USA's ownership of the B&T mark, the territorial and contractual limitations governing use of the mark in the United States, and the substantial risk of consumer confusion arising from unauthorized, uncontrolled, or redirected use of the mark.

49.    Despite this knowledge, Namada intentionally induced and/or supplied a product to parties whom it knew to be infringing the B&T mark.

50.    Namada further materially contributed to infringement by attempting to undermine B&T USA's ability to exercise trademark control, including quality control, source control, and regulatory oversight over goods sold under the B&T mark, thereby threatening loss of trademark control and substantially increasing the

13

likelihood of consumer confusion.

51.    Namada's conduct was intentional, knowing, and undertaken with reckless disregard for B&T USA's trademark rights and with knowledge that these actions would enable, facilitate, or encourage trademark infringement.

52.    As a direct and proximate result of Namada's contributory trademark infringement, B&T USA has suffered and will continue to suffer irreparable harm, including loss of control over the B&T mark in the United States, damage to goodwill and reputation, increased risk of consumer confusion, regulatory exposure, and economic injury.

53.    Namada's conduct constitutes contributory trademark infringement and false designation of origin in violation of the Federal Trademark Act, 15 U.S.C. §§ 1114 and 1125.

54.    B&T USA is entitled to injunctive relief prohibiting Namada from further inducing, facilitating, or assisting any infringement of the B&T mark in the United States, as well as damages, disgorgement of profits, attorneys' fees, costs, and all other relief available under 15 U.S.C. § 1117.

55.    B&T USA is entitled to injunctive relief prohibiting Namada from further inducing, facilitating, or assisting any infringement of the B&T trademark, as well as damages, disgorgement, attorneys' fees, and all other relief available under 15 U.S.C. § 1117.

14

## COUNT III
### (Unfair Competition)
### (All Defendants)

56. Plaintiff B&T USA, LLC realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

57. As a cause of action and ground for relief, Plaintiff alleges that Company Defendant, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, is engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law.

58. Plaintiff's B&T mark is inherently distinctive, and has priority over any trademark rights Defendants may possess in B&T, by virtue of Plaintiff's longstanding use of the marks in U.S. commerce and acquisition of all right, title, and interest in B&T previously owned by Company Defendant.

59. Company Defendant's use, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, of the mark B&T in connection with firearms and suppressors, as well as education and retail sales of the same constitutes a violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), in that Defendants' use of the B&T mark is likely to cause confusion, to cause mistake, and/or to deceive the public as to an affiliation, connection, or association between Company Defendant and Plaintiff,

and as to the origin, sponsorship, and/or approval of Company Defendant's products and services by Plaintiff.

60.    The nature and probable tendency and effect of Company Defendant's use, at the direction of, with the participation of, and/or ratified by Defendant Brügger and in coordination with Defendant Namada, of the B&T mark in the manner hereinabove alleged is to enable Company Defendant to confuse or deceive the public and others by misrepresenting that Company Defendant's products and services are in some way sponsored or approved by Plaintiff and/or that Company Defendant is affiliated with Plaintiff and therefore constitutes unfair competition at common law.

61.    Unless enjoined by this Court, Defendants will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff B&T USA, LLC respectfully requests that:

(1)    The Court enter judgment in favor of Plaintiff that Defendants have infringed the B&T trademark and service mark, alone and in combination with other words and/or designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; and that Defendants have engaged in acts of unfair

16

competition in violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and the common law;

(2)     Defendants, their affiliates, and each of their respective principals, owners, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(a)     Using in U.S. commerce the B&T mark and/or any other trademark, service mark, trade name, corporate name, domain name, social media presence, or other commercial indication of origin that consists of or incorporates the word B&T or any other trademark, service mark, trade name, corporate name, domain name, social media presence, and/or other commercial indication of origin that is confusingly similar to B&T;

(b)     Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein;

(c)     Otherwise infringing the B&T trademark and service mark; and

(d)     Filing any application in the U.S. Patent and Trademark Office to register any trademark or service which includes the word B&T or any other word confusingly similar thereto;

(3)     Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendants be directed to deliver up for destruction or other disposition by Plaintiff

17

all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials in the possession, custody, or under the control of Defendants that bear or are labeled with the B&T mark and intended for distribution in U.S. commerce;

(4)    Defendants be required to pay Plaintiff statutory damages pursuant to 15 U.S.C. § 1117;

(5)    In the alternative, actual damages be awarded against Defendants;

(6)    Defendants be required to give an accounting of and disgorge all revenues earned from the sale of infringing products;

(7)    Defendants be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, Plaintiff's reasonable attorneys' fees in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117; and

(8)    Plaintiff be granted such other, different, and additional relief as this Court deems equitable and proper.

Respectfully submitted,

DATED: March 17, 2026

Krystal Swendsboe (*pro hac vice* forthcoming)
kswendsboe@wiley.law

/s/ *Amanda R. Jesteadt*
Amanda R. Jesteadt (FL Bar No. 73149)
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

18

ajesteadt@wiley.law

*Attorneys for Plaintiff*